## UNITED STATES v. KNOPFER.
### No. 8288.

District Court, M. D. Pennsylvania.
Dec. 12, 1935.

Leo G. Knoll, Asst. U. S. Atty., of Scranton, Pa.,

Abram Salsburg, of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

We have here a motion in arrest of judgment and reasons for a new trial.

Defendant was indicted for concealing assets in violation of section 29b of the National Bankruptcy Act (11 U.S.C.A. § 52(b). He pleaded not guilty; was tried before the court and a jury. The jury returned a verdict of guilty.

The first reason in support of the motion is that "the court erred in permitting the government to offer in evidence the stocks purchased on margin account through J. H. Brooks and Company, said stocks never having been within the jurisdiction of this Court."

Two counts of the indictment charge the defendant with having concealed "twenty-five shares of American Telephone and Telegraph Company stock, ten shares of International Telephone and Telegraph Company stock, twenty-five shares of Gardner Motors stock. * * *"

The testimony disclosed that the defendant had a margin account with J. H. Brooks & Co. in which various transactions occurred at Wilkes-Barre, Pa.; that the account consisted of 25 shares of A. T. & T., 10 shares of I. T. & T., and 25 shares of Gardner Motors, of the total value of $5,188.25, against which there was a balance owing by the defendant to J. H. Brooks & Co. in the amount of $4,026; that the aforesaid stocks were never held in the name of defendant and would not be put in his name until they were paid for in full; that the stock certificates were never in this jurisdiction.

The defendant contends that, since the stock was never within this jurisdiction, the concealment did not take place here, and this court does not have jurisdiction. Gretsch v. U. S. (C.C.A.) 231 F. 57.

The government contends that, although the stock certificates were not within this jurisdiction, the defendant's equitable title to the stocks and account maintained in J. H. Brooks & Co. was within this jurisdiction, and that therefore the concealment of the equitable title to the stocks and account took place here.

■ If the indictment had charged defendant with having concealed the account or his equity in the stocks in question, the government's contention would be sound. The indictment did not so charge, but, as indicated above, charged the defendant with having concealed the above-enumerated stocks. Since defendant never owned or possessed these stocks, he could not have concealed them in any jurisdiction. He may have concealed the account or his equity in the stocks, but the indictment does not charge him with that offense. Accordingly, defendant's first reason for a new trial must be sustained.

The second reason in support of the motion is that "the Court erred in admitting evidence showing the possession of a diamond ring by the defendant upon his arrival from a visit in Europe, the possession of said ring not having been charged in the indictment."

The first count of the indictment charges "That the said Nathan Knopfer * * * did conceal * * * a large amount of personal property belonging to the estate in bankruptcy of the said Nathan Knopfer, bankrupt as aforesaid, to wit: Certain goods, wares and merchandise, stocks and bonds, including twenty-five shares of American Telephone and Telegraph Company stock, ten shares International Telephone and Telegraph Company stock, twenty-five shares of Gardner Motors stock, ten shares capital stock of the Dime Title and Trust Company, Wilkes-Barre, Pennsylvania, and a large quantity of silk shirts, all of an aggregate value of Fifty-Five Hundred ($5,500.00) Dollars, the said goods, wares, merchandise, stocks and bonds being a part of the stock of goods held by the said Nathan Knopfer as a merchant; the said stocks and bonds being then and there the personal property of the said Nathan Knopfer bankrupt as aforesaid. * * * *"

■ The second count contains substantially the same language. The indictment thus describes the concealed personal property as goods, wares, merchandise, stocks and bonds, including specified stocks and a quantity of silk shirts, of the aggregate value of $5,500, which goods, wares, merchandise, stocks and bonds, were part of the stock of goods held by the defendant as a merchant and the stocks and bonds as the personal property of the said Nathan Knopfer, bankrupt. The evidence and exhibits produced at the trial disclosed that the defendant was a merchant in ladies' dresses, coats, and apparel, and that the diamond ring was not part of the stock of goods of the defendant as a merchant, but, if it belonged to him, was his personal property. The court is therefore of the opinion that the indictment as drawn is not broad enough to charge that the defendant concealed a diamond ring, since the diamond ring cannot be included within the description of goods, wares, and merchandise being part of the stock of goods held by the defendant as a merchant. The indictment did not inform the defendant that he was charged with concealing personal property that had belonged to him individually other than the stocks and bonds specified as distinguished from property that was described as being held by him as a merchant. Evidence of the possession of a diamond ring therefore should have been excluded.

The third reason in support of the motion is that "the Court erred in overruling the defendant's motion, at the beginning of the trial, to strike out from the indictment the words, 'certain goods, wares and merchandise.'" The defendant in his brief considers this reason together with the second reason above quoted. By sustaining the second reason, the result sought by the defendant is obtained to exclude evidence of the possession of the ring, and therefore the legal sufficiency of the third reason need not be decided.

■ The fourth reason in support of the motion is that the government's attorney, in his opening remarks to the jury, made statements with reference to shirts which the government would show were concealed by the defendant, but upon the trial no evidence was submitted to support said statement. The record does not disclose any objection to the remarks or a request for instructions to disregard or strike out the remarks. In the absence of such action, the improper remarks of the prosecuting attorney are not a ground for new trial in this case. McDonough v. United States (C.C.A.) 299 F. 30, 38; Diggs v. United States (C.C.A.) 220 F. 545.

■ The fifth reason in support of the motion is that exhibits were sent out to the jury without the knowledge or consent of the defendant and over the objection of defendant. There is some disagreement whether the government requested the court to permit the exhibits

to be sent out with the jury and whether the defendant objected thereto. It is contended that the record is not complete. This reason therefore is not sustained.

And now, December 12, 1935, it is ordered that the motion in arrest of judgment be, and hereby is, sustained and a new trial granted.